IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **XYLON LICENSING LLC,**<br>*Plaintiff,* | § § § § § § § § § § | |
| v. | | 6:21-CV-00302-ADA |
| **LONE STAR NATIONAL BANCSHARES-TEXAS, INC.,**<br>*Defendant.* | | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Before the Court is Defendant Lone Star National Bancshares-Texas, Inc.'s ("Lone Star") Motion to Stay Pending Instituted *Inter Partes* Review ("Motion to Stay") filed on December 15, 2021. ECF No. 18. Plaintiff Xylon Licensing LLC ("Xylon") filed its opposition on January 12, 2022. ECF No. 20. Defendant subsequently filed its reply on January 19, 2022. ECF No. 21. The Court **GRANTS** Defendant's Motion to Stay after consideration of the submitted briefs and the applicable law.

**I. BACKGROUND**

Plaintiff is a non-practicing entity ("NPE") (ECF No. 20 at 6) and Defendant provides banking services. ECF No. 1 at 8. Plaintiff alleges that Defendant has infringed upon Claim 1 of U.S. Patent No. 8,719,165 ("'165 Patent"). ECF No. 18 at 6. It filed its complaint on March 29, 2021. ECF No. 20 at 2. A non-defendant third party filed an *inter partes* review ("IPR") petition in relation to the '165 Patent on March 11, 2021. *Id.* The Patent Trial and Appeal Board ("PTAB") initiated a proceeding upon the filing on September 7, 2021. *Id.* This Motion to Stay was filed in light of the initiated review, expecting finding results by September 7, 2022. ECF No. 18 at 4.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citation omitted). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, inter alia, *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111, at *2; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). "Essentially, courts determine whether the

benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

Lone Star filed this Motion seeking a stay of this litigation pending IPR of the '165 Patent. Third-party Askeladden LLC petitioned the PTAB to institute IPR of claims 1–8 and 15–18 of the '165 Patent on March 12, 2021. ECF No. 20 at 2. The PTAB instituted IPR on September 7, 2021. *Id.* The PTAB is expected to issue a final written decision by September 7, 2022. *Id.* Plaintiff filed a Case Readiness Status Report on April 21, 2022. ECF No. 25. Very little has occurred in this case since then. This Court analyzes the below factors to determine whether to stay this case.

**A. Undue Prejudice to the Non-Moving Party**

The first factor this Court considers is whether a stay will unduly prejudice Xylon. Lone Star asserts that Xylon would suffer no prejudice. ECF No. 18 at 5. It alleges the case has not moved beyond the pleading phase and delays in the proceeding were a result of Plaintiff's actions. *Id.* Party interest is diminished where only monetary recovery is available. *Kirsch Rsch. and Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021). Lone Star further notes that Plaintiff initiated the present case after the IPR petition was filed. ECF No. 18 at 6.

Xylon argues that it would be unduly prejudiced by a stay. First, it argues that a stay risks the loss of evidence. ECF No. 20 at 6. A stay delays further proceedings, which risks deterioration of memories and potential disappearance of evidence. *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015). Delay also risks making witnesses harder to find. *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007). Second, it argues that a patent holder has "an interest in timely enforcement of its patent

3

right." *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015). The Eastern District of Texas has held that a party that does not sell products is not precluded from being prejudiced by motion to stay. *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016).

The case is still in its infancy, having not progressed beyond the pleading stage. ECF No. 18 at 5. Neither the *Markman* hearing nor fact discovery have been completed. *Id.* at 6. This Court's Standing Order Governing Proceedings provides that jury selection and trial occur at least 52 weeks after completion of the *Markman* hearing. ECF No. 24 at 15. Xylon filed the Case Readiness Status Report on April 21, 2022. ECF No. 25. Accordingly, the *Markman* hearing may occur no earlier than October 13, 2022. ECF No. 24 at 13 (*Markman* hearing at least 23 weeks after the Case Management Conference). That means the trial in this case might not occur until the end of 2023. By contrast, the PTAB is expected to issue its final written decision in just a few months, by September 7, 2022. ECF No. 18 at 4. That will occur well before the trial in this case. This factor typically favors denying a stay, but the known impending PTAB decision contrasted with the uncertain distant trial date seriously diminishes any prejudice to Xylon.

**B. Stage of Proceedings**

The Court next considers whether the litigation has reached an advanced stage, including whether discovery is complete and a trial date has been set. If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031-32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the

4

parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

Lone Star notes that the case has not progressed beyond the pleading stage. ECF No. 18 at 3. The parties must still complete the *Markman* hearing and fact discovery. *Id.* Furthermore, no scheduling order assigning a date to the *Markman* hearing has been entered. *See* ECF No. 25. And no trial date has been set. Lone Star contends that the Court has not expended substantial resources thus far and may further conserve resources through a stay. ECF No. 18 at 7. It suggests a stay would preclude disparate findings between the Court and the PTAB. *Id.* at 8.

Xylon, in response, argues that parties has expended resources briefing an earlier Motion to Dismiss. ECF No. 20 at 7. It further alleges the results of the IPR are unlikely before parties have progressed well into discovery and claim construction. *Id.* Xylon also draws issue with perceived delays in Lone Star's filings. *Id.*

The Court agrees with Lone Star. Little-to-no judicial resources have been expended on this case. No scheduling order has assigned a date to the *Markman* hearing at this time. *See* ECF No. 25. The PTAB is expected to issue final decision by September 7, 2022, before the earliest date for the *Markman* hearing. *Id.*; ECF No. 24 at 13. The Court will preserve judicial resources in granting the stay by not ruling on unnecessary issues. *e-Watch, Inc. v. ACTi Corp.*, No. SA–12–CA–695–FB, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013). The Court may also benefit from the supplemental analysis preventing resource expenditure for duplicative findings. ECF No. 18 at 7. This factor favors granting the stay because the case is at such an early stage.

### C. Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review

proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111 at *4. Lone Star asserts that final decisions of the IPR will simplify the current case. ECF No. 18 at 7. It alleges the PTAB has found a likelihood that Claim 1 will be invalidated. *Id.* Furthermore, it suggests that supplemental analysis and claim construction may benefit the Court and conserve resources. *Id.* at 7–8. It contends a decision that does not fully invalidate that patent may still reduce the number of issues before the Court. *Id.* at 8.

Xylon counters, suggesting that simplification of the issues is speculative at best. ECF No. 20 at 6. It asserts that the Court is best suited carrying on in light of the possibility the '165 Patent is not invalidated. *Id.* at 7. Additionally, Xylon contends that infringement allegations related to Claim 9 are not addressed by the IPR and not simplified as a result. *Id.*

The Court finds the IPR will simplify the issues. The PTAB has suggested the '165 Patent may be directed to material anticipated or obvious regarding prior art. ECF No. 18 at 7–8. Invalidity limits the dispute here because Lone Star has asserted a counterclaim of invalidity on Claim 1 in this case. *Id.* Moreover, the PTAB's final decision could provide information relevant to claim construction. *Id.* at 7. The Court finds the potential simplification favors granting the stay.

### IV. CONCLUSION

The factors articulated above favor granting a stay. This case remains in its infancy, having completed no claim construction and discovery to date. The PTAB will issue its decision on the '165 Patent IPR no later than September 7, 2022. By contrast, no trial date has been set for the proceedings before the Court. In consideration of the totality of the circumstances, the Court elects to exercise its discretion in instituting a stay pending the finding of the IPR.

**IT IS ORDERED** that Defendant's Motion to Stay (ECF No. 18) is **GRANTED**. This case is hereby **STAYED** pending the competition of the Patent Trial & Appeal Board's *inter partes*

*review* of the '165 Patent in IPR2021-00658. The parties shall file a joint motion to enter a scheduling order within seven days of the completion of the Patent Trial and Appeal Board's final written decision.

SIGNED this 8th day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE